UNITED STATES DISTRICT COURT
for the
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHARLES SZYMANSKI, : | |
|     Plaintiff : | |
| : | CIVIL NO.: 3:16-cv-00002-JCH |
| v. : | |
| : | |
| IQOR HOLDINGS US INC., : | |
|     Defendant : | JULY 29, 2016 |
| : | |

**MOTION FOR CONTINUANCE
OF ORAL ARGUMENT AND DECISION ON PLAINTIFF'S MOTION TO COMPEL
DISCOVERY**

        Pursuant to the Federal Rules of Civil Procedure and the Local Rules for this Court, Defendant iQor Holdings US, Inc. (hereby respectfully submit this Motion for Continuance of the oral argument scheduled for August 5, 2016 at 10:00 a.m. and any ruling on Plaintiff's Motion to Compel, Docket No. 34, without prejudice to Plaintiff requesting a future hearing date if the Parties' proposed electronic discovery plan reaches an impasse.  Defendant states the following in support of this Motion:

        1.    Plaintiff served his First Set Of Interrogatories And Requests For Production on Defendant on March 11, 2016. Defendant obtained a 30-day extension of time to respond to Plaintiff's discovery requests, which contained 63 requests for production.

        2.    Defendant's served its objections and responses to Plaintiff's First Set Of Interrogatories And Requests For Production on May 16, 2016.

        3.    Defendant received a deficiency letter from Plaintiff's counsel on June 6, 2016. The Parties conferred by telephone regarding the perceived deficiencies in Defendant's discovery responses. On June 15, 2016, Plaintiff's counsel sent a follow-up letter to Defendant's

1

counsel reflecting the Parties' agreements and providing a list of 34 electronic search terms that plaintiff's counsel proposed be run on the email accounts of ten[1] records custodians, for a total of 340 searches. The Parties conferred again on June 15, 2016.

4. Given the company position of the various email records custodians sought by the Plaintiff, including current or former members of the company's Executive Team, the search project was not a project that could be delegated to any junior level staff. Instead, the Company's chief litigation in-house legal counsel was required to run each of the 340 searches on the custodians' email accounts, which alone took the better part of four or five days. Furthermore, the employment counsel who had been handling the case previously resigned effective June 20, 2016, leaving the current chief litigation counsel as the only litigation attorney for a global corporation with over 32,000 employees to handle consumer finance matters, complex commercial matters, employment matters, and workers' compensation claims.

5. Once complete, the 340 searches yielded **45,325 emails, plus attachments**.

6. On July 26, 2016, Defendant sent Plaintiff a proposal for resolving the Parties' e-discovery dispute. Defendant has agreed to produce all non-privileged emails that do not contain confidential business information unrelated to Plaintiff's allegations or iQor's defenses, with a corresponding privilege log, resulting from 30 (of Plaintiff's 34 search terms) across the 10 email accounts. This group of emails is referred to herein as **Group One**, and it consists of 12,840 emails, plus attachments. Due to the number of documents involved, Defendant is in the process of securing the services of an e-discovery vendor, at significant cost, to place the email data on a software platform that will facilitate review and production of the

---

[1] Plaintiff's counsel listed twelve custodians in her June 15, 2016 letter. Only ten of the individuals listed are iQor employees.

data.  Defense counsel also has organized a team of six or seven paralegals and junior attorneys to assist with an expedited review of the email data.  The transfer of the data, the training of the review team, and the review work itself is expected to begin by next week and anticipated to run for about 6-8 weeks (based on the availability of the review team members and related review logistics), with a first round of production beginning in 4 weeks and continuing thereafter for another 2 to 4 weeks.  Plaintiff's counsel has agreed to this process and timeframe with regard to Group One.

7.  On July 26, 2016, Defense counsel also communicated Defendant's objection to Plaintiff's remaining four search terms which yielded search results, referred to as Group Two, of yet an additional **32,485 emails, plus attachments**.  Notably – Group Two, comprised of only four search terms, yielded nearly three times the number of email hits resulting from the other 30 search terms *combined.*  Defendant maintains that these four search terms are unreasonably burdensome, and by virtue of the fact that they are overly broad, have yielded an enormous volume of email hits that are disproportional to the issues in controversy in this matter.

8.  On July 26, 2016, Defense counsel provided Group Two data to Plaintiff's counsel regarding the number of hits resulting from each of the remaining four search terms by custodian. Plaintiff's counsel is in the process of evaluating this data and considering whether they will withdraw or modify these four search terms.  Defendant anticipates that the parties will be able to resolve the Group Two search and related data without further court intervention.

9.  Defense counsel believes that the Group Two search requests are the only outstanding discovery disputes between the parties.

10. Defense counsel has contacted Plaintiff's counsel about this motion. Plaintiff's counsel are considering their position on this motion, but they have not yet provided their consent.

WHEREFORE, Defendant requests a continuance of the oral argument scheduled for August 5, 2016 at 10:00 a.m. and any ruling on Plaintiff's Motion to Compel, Docket No. 34, without prejudice to Plaintiff to later request a hearing if at any time the Parties' agreement discussed above reaches an impasse.

Respectfully submitted,

**DEFENDANT,
IQOR HOLDINGS US INC.**

By: /s/ *Sarah C. Baskin*
David R. Jimenez (ct 27357)
jimenezd@jacksonlewis.com
Sarah C. Baskin (ct 13570)
baskins@jacksonlewis.com
Jackson Lewis P.C.
90 Statehouse Square, 8th Floor
Hartford, CT  06103
P: (860) 522-0404
F: (860) 247-1330

## **CERTIFICATION OF SERVICE**

I hereby certify that on July 29, 2016, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Sarah C. Baskin*
Sarah C. Baskin